**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| OLAF OMARSON, | DOCKET NUMBER |
| Appellant, | DC-0752-15-0675-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: August 10, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Olaf Omarson, Gaithersburg, Maryland, pro se.

Laura L. Forest, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency removed the appellant, a GS-14 Immigration Officer in the Fraud Detection and National Security unit of the agency's Bureau of Citizenship and Immigration Services on a charge of unauthorized use of the Treasury Enforcement Communications System (TECS), which was supported by 45 specifications.[2] Initial Appeal File (IAF), Tab 1; IAF, Tab 5 at 8-9, 24-29, 38-45. He subsequently filed this appeal and did not request a hearing. IAF, Tab 1. He stipulated to the agency's charges but argued that the agency discriminated against him on the basis of his disability when it failed to accommodate his Obsessive Compulsive Disorder (OCD), Major Depressive Disorder, and Attention Deficit Hyperactivity Disorder (ADHD) medical conditions, which he conceded that neither he nor the agency were aware of prior to the agency proposing his removal. IAF, Tab 17 at 2-3; IAF, Tab 18.[3]

---

[2] TECS is a sensitive database through which certified agency personnel access several law enforcement information systems, for official use only and on a strict need-to-know basis. Initial Appeal File, Tab 5 at 8-9.

[3] In response to the administrative judge's prehearing conference summary, the appellant clarified that both he and the agency learned of his medical conditions

¶3      Citing the appellant's stipulations to all of the specifications comprising the agency's charge, as well as to a nexus with the efficiency of the service should misconduct be established, IAF, Tab 17 at 4, the administrative judge affirmed the appellant's removal, finding that the deciding official considered the relevant *Douglas* factors and concluding that the penalty of removal did not exceed the bounds of reasonableness, IAF, Tab 25, Initial Decision (ID) at 8-11. The administrative judge also rejected the appellant's affirmative defense of disability discrimination, finding that, because the agency issued the notice of proposed removal before either party knew of the appellant's medical conditions, it could not have taken the action because of any actual or perceived impairment, and the record did not reflect that the appellant had informed the agency of a reasonable accommodation that would allow him to perform the duties of his position. ID at 14.

¶4      In his timely filed petition for review, the appellant argues that he does not need his Top Secret security clearance, which the agency suspended in light of its investigation into the misconduct at issue, IAF, Tab 8 at 47-48,[4] in order for him to access TECS because that system does not contain classified information, Petition for Review (PFR) File, Tab 1 at 5. He contrasts his unblemished use of other, Top Secret databases with his "impulsive use of TECS" which he maintains was the result of his then-unknown and undiagnosed OCD, ADHD, and major depression. *Id*. He contends that the agency learned of his medical conditions before making its final decision to remove him and that it therefore should have considered his mental conditions a mitigating circumstance in making that determination. *Id.* The appellant also reiterates his claim that the agency could

following the issuance of the notice of proposed removal. IAF, Tabs 17-18. The administrative judge accurately described the appellant's stipulation in his analysis. IAF, Tab 24 at 14.

[4] The agency's report of investigation into the appellant's misconduct is spread across two tabs: IAF, Tab 7 at 30-118 and IAF, Tab 8 at 4-47.

have accommodated him without undue hardship by assigning him to a position that did not require the use of TECS. *Id.* at 5-7. The agency responds in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5     As noted above, the appellant stipulated to all of the agency's specifications and to the element of nexus should the administrative judge find misconduct. IAF, Tab 17 at 4; ID at 8-9. The appellant's stipulation that he accessed information in TECS without authorization is sufficient to prove the charge of misusing TECS. *E.g.*, *Anderson v. Tennessee Valley Authority*, 77 M.S.P.R. 271, 275 (1998) (explaining that parties may stipulate to any matter of fact and the stipulation will satisfy a party's burden of proving the fact alleged); 5 C.F.R. § 1201.63. Accordingly, we agree with the administrative judge and find no reason to disturb his finding that the agency proved its charge and that a nexus exists between the appellant's misconduct and the efficiency of the service.

¶6     We also agree with the administrative judge that the appellant failed to establish his affirmative defense of disability discrimination. ID at 11-15. Assuming the appellant's misconduct was, as he contends, a manifestation of his alleged disabling conditions of OCD, ADHD, and major depression, neither the Rehabilitation Act of 1973 nor the Americans with Disabilities Act of 1990 (ADA) immunize disabled employees from being disciplined for misconduct in the workplace, provided the agency would impose the same discipline on an employee without a disability. *E.g.*, *Laniewicz v. Department of Veterans Affairs*, 83 M.S.P.R. 477, ¶ 5 (1999). Although we concur with the administrative judge's determination that the agency did not take the action at issue because of an actual or perceived impairment, ID at 14, even if it had done so, a disabled employee is not "immunize[d]" from discipline for misconduct, provided that "the agency would impose the same discipline on an employee without a disability." *Fitzgerald v. Department of Defense*, 85 M.S.P.R. 463, ¶ 12 (2000) (observing

that an agency is never required to excuse a disabled employee's violation of a uniformly applied, job-related rule of conduct, even if the employee's disability caused the misconduct). Further, because agencies have a duty to provide accommodation only to "otherwise qualified" employees, agencies have no obligation to accommodate employees who have committed misconduct because, as a result of their misconduct, they are not "otherwise qualified" employees.[5] *Id.* Moreover, the appellant failed to show that the agency would not have imposed the same discipline on an employee without a disability who committed the same misconduct.

¶7     Finally, we agree with the administrative judge that the penalty of removal is well within the bounds of reasonableness. ID at 11. As noted above, the appellant's stipulation to the specified misconduct is sufficient to sustain the charge, and under such circumstances the Board will review the agency's choice of penalty only to determine if it considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). The administrative judge found that the deciding official considered all the relevant factors, concluding that, in light of the direct relationship between the appellant's admitted misconduct and his duties and the clear notice he had that such behavior was prohibited, the aggravating factors far outweighed any mitigating factors present. ID at 9-10; IAF, Tab 5 at 26-27. In his petition for review, the appellant argues that the agency should have considered his previously undiagnosed mental conditions a mitigating circumstance in making its decision. PFR File, Tab 1 at 5.

---

[5] Although the ADA Amendments Act of 2008 (ADAAA), Pub. L. No. 110–325, 122 Stat. 3553 (2008) (codified at 42 U.S.C. §§ 12101 *et seq.*), changed the interpretation of the law concerning the definition of a disability, the ADAAA did not affect the requirements of the law as to reasonable accommodation. *See Davis v. U.S. Postal Service*, 119 M.S.P.R. 22, ¶ 11 n. 4 (2012).

¶8    Evidence that an employee's medical condition "played a part in the charged conduct is ordinarily entitled to considerable weight as a significant mitigating factor." *Roseman v. Department of the Treasury*, 76 M.S.P.R. 334, 345 (1997); *see, e.g.*, *Robb v. Department of Defense*, 77 M.S.P.R. 130, 137 (1998). In circumstances where the medical conditions are reasonably substantiated, and shown to be related to the grounds for removal, they must be considered in the penalty analysis. *E.g.*, *Norris v. Securities & Exchange Commission*, 675 F.3d 1349, 1356-57 (Fed. Cir. 2012). Nevertheless, contrary to the appellant's contentions on review, the deciding official explicitly considered the appellant's arguments in this regard and found them insufficient to mitigate the penalty. IAF, Tab 5 at 27. The administrative judge acknowledged this, ID at 8, and we agree with him that the seriousness of the proven misconduct, especially considering the length of time over which it repeatedly occurred and the appellant's disregard for the clear notice which the agency provided that such behavior was prohibited, demonstrated poor rehabilitative potential and significantly outweighed the mitigating factors of his long record of satisfactory service and his medical impairment, ID at 9-11.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.